No. 13621

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

---

PETE V. VIGUE, Claimant,
      Claimant and Respondent,
    -vs-
M & M CONSTRUCTION CO., Employer,
    and
ARGONAUT NORTHWEST INSURANCE CO.,
      Defendant and Appellant,
    and
M & M CONSTRUCTION CO., Employer,
    and
STATE COMPENSATION INSURANCE FUND,
      Defendant and Respondent,
    and
NELSON LOGGING CO., Employer,
    and
GLACIER GENERAL ASSURANCE CO.,
      Defendant and Respondent.

---

Appeal from:  Workers' Compensation Court
          Honorable William E. Hunt, Judge presiding.

Counsel of Record:

    For Appellant:

        Harris, Jackson & Murdo, Helena, Montana
        Robert M. Murdo argued, Helena, Montana

    For Respondents:

        Robb and Botsford, Missoula, Montana
        Norman Robb argued, Missoula, Montana
        Thomas Keegan argued, Helena, Montana
        Dexter Delaney, Missoula, Montana

---

                Submitted: January 20, 1978

                  Decided: FEB 1 - 1978

Filed:  FEB 1 1978

_Thomas J. Kearney_
                 Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court:

Defendant Argonaut Northwest Insurance Company appeals from the findings and conclusions of the Workers' Compensation Court, entered September 2, 1976. The court concluded it lacked jurisdiction over the claim in question and the claim should properly come under the jurisdiction of the Idaho Industrial Accident Board.

It is not disputed that claimant Pete V. Vigue was employed by M & M Construction Company, a corporation registered in the state of Montana with its corporate headquarters in Missoula, Montana. M & M is engaged in road construction and has operated exclusively in Idaho since 1972 or 1973. M & M is insured under the workers' compensation laws of Idaho by appellant Argonaut and in Montana by respondent State Compensation Insurance Fund (State Fund). Claimant, a resident of Lolo, Montana, was hired by M & M to operate a "Cory" shovel on a road construction project in Idaho.

M & M subcontracted part of the operation to Nelson Logging Company, and Nelson Logging agreed to supply the equipment for the initial clearing work. This equipment included a Cory shovel located in Lolo, Montana. Claimant was told to accompany the shovel from Lolo to Idaho and drive a "flag car". On July 21, claimant met with Ray Richardson, a truck driver employed by M & M, to load the shovel onto a lowboy transport trailer for the trip to Idaho. Claimant was attempting to adjust the position of the shovel on the trailer when the shovel overturned. Claimant was injured in the accident.

Claimant has filed claims for compensation in Idaho with appellant Argonaut and in Montana with respondent State Fund. State Fund investigated the Montana claim and requested a hearing before the Workers' Compensation Court. A hearing was held involving claimant and all three insurers: State Fund; Argonaut; and Glacier General Assurance Company (the carrier for Nelson Logging). The Workers' Compensation Court held it lacked jurisdiction over the claim.

Basic to the Court's decision is its finding:

"That, as a matter of law, the valid reciprocity agreement between the State of Montana and the State of Idaho is controlling in this matter."

In the reciprocity agreement, effective February 1, 1968, the Industrial Accident Board of Idaho agreed to:

"* * * assume and exercise extraterritorial jurisdiction over compensation claims of any Idaho workman injured in the State of Montana. * * *"

The court found that claimant was an "Idaho workman" within the terms of the agreement.

The effect of the reciprocity agreement is crucial because the Workers' Compensation Act of Montana does not apply if the provisions of section 92-614(3), R.C.M. 1947, are met:

"If a worker from another state and his employer from another state are temporarily engaged in work within this state, this act shall not apply to them:

"(a) if the employer and employee are bound by the provisions of the Workers' Compensation Law or similar law of such other state which applies to them while they are in the state of Montana, and

"(b) if the Workers' Compensation Act of this state is recognized and given effect as the exclusive remedy for workers employed in this state who are injured while temporarily employed in such other state." (Emphasis added.)

The reciprocity agreement clearly states how it is to be implemented:

- 3 -

"For the purpose of implementing the terms of this agreement, the parties agree upon the following procedures:

"The Idaho IAB will upon request and on behalf of an Idaho employer issue a certificate of extraterritorial coverage to the Montana IAB and the latter upon request and on behalf of a Montana employer will issue its certificate of extraterritorial coverage to the Idaho IAB. Such certificates may be cancelled or revoked at the discretion of the issuing agency. Due notice of issuance, modification and cancellation of any such certificate shall be given to the employer and to his insurance carrier, if any."

In the instant case no certificate was ever obtained or introduced into evidence to show that the Idaho Industrial Accident Board would exercise extraterritorial coverage while claimant was in Montana. The issuance of such a certificate is expressly authorized by statute, and is prima facie evidence of the application of the Workers' Compensation Law of the certifying state. Section 92-614(4), R.C.M. 1947. In the absence of the issuance of a certificate of extraterritorial coverage, it is clear the reciprocity agreement was never properly implemented, and there was no showing that claimant was covered by the workers' compensation law of Idaho while in Montana. The finding of the Workers' Compensation Court that the reciprocity agreement is controlling is erroneous.

The judgment of the Workers' Compensation Court is reversed and the case is remanded for further proceedings in accord with this opinion.

This appeal did not include a challenge to the finding of the Workers' Compensation Court that M & M, and not Nelson Logging, was claimant's employer. Therefore, this appeal is dismissed as to Nelson Logging and its insurer, Glacier General Assurance Company.

_____
Acting Chief Justice.

4 -

We Concur:

Frank I. Haswell

Gene B Daly

Daniel J. Shea
Justices.