No. 79-103

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

ALASKA PACIFIC ASSURANCE COMPANY, Insurer and Appellant,
and CLARENCE R. RAINES,

Claimant and Appellant,

-vs-

L. H. C., INC., Employer and Respondent,

and

MARIE J. HARTMAN, et al.,

Applicants in Intervention and
Respondents.

Appeal from: Workers' Compensation Court, The Honorable William
Hunt, Judge presiding.

Counsel of Record:

For Appellant:

Utick and Grosfield, Helena, Montana
Alex C. Morrison, Plains, Montana

For Respondent:

C. Eugene Phillips, Kalispell, Montana
Robert L. Fletcher, Thompson Falls, Montana

Submitted on Briefs: May 27, 1980

Decided: January 12, 1981

Filed: JAN 12 1981

_____
Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

This appeal comes from the Workers' Compensation Court as a result of that court's refusal to assume jurisdiction to determine whether Clarence R. Raines was, at the time of a collision between two logging trucks, the employee of L.H.C., Inc., or an independent contractor in relation to L.H.C., Inc. On September 10, 1980, we filed our opinion in this case (37 St.Rep. 1616), affirming the Workers' Compensation Court and fining Alaska Pacific Assurance Company $500 for taking a frivolous appeal. The insurance company promptly filed a petition for rehearing alleging that it was "shocked" by our opinion. This opinion shall take the place of the previous one entered on September 10, 1980, and our former opinion is withdrawn.

The alleged "shock" of Alaska Pacific is apparently premised on its belief that "the decision is wrong on the facts and law." We agree that our previous opinion misstated the precise nature of the proceedings before the Workers' Compensation Court; but the correction we make here does not impel us to change the result we reached in our first opinion. We also agree that we overstated our conclusion that the Workers' Compensation Court is not empowered to render declaratory judgments; but the correction we make here also does not impel us to change the result reached in our former opinion. The appeal is as frivolous upon our reconsideration as we determined it to be in our first consideration. Our explanation follows.

This dispute has its background in the death of Thomas H. Hartman, and a resulting lawsuit filed in Sanders County District Court by his widow, who sued Clarence R. Raines for the wrongful death of her husband. At the time of his

-2-

death, Thomas H. Hartman was an employee of L.H.C., Inc. and he hauled logs for this company. Clarence R. Raines also hauled logs for the same company--but a dispute exists as to whether he was an employee of this company, or whether he was solely an independent contractor. As we shall explain, a final determination that Raines was an employee of L.H.C., Inc. at the time of the accident, will absolve Raines of any liability to Hartman's widow, and it will also, of course, relieve Alaska Pacific of any contractual duty to represent Raines in that suit, for Alaska Pacific is Raines' liability insurance carrier. On the other hand, a final determination that Raines had an independent contractor relationship with L.H.C., Inc., will mean that Hartman's widow can maintain her wrongful death action against Raines, and that Alaska Pacific will be obligated to defend the lawsuit as well as pay any potential judgment to the extent of the insurance coverage.

The accident resulting in Hartman's death, occurred on June 28, 1978, when a logging truck driven by Hartman, collided with a logging truck driven by Raines. Hartman's widow collected death benefits from L.H.C., Inc. pursuant to the Workers' Compensation Act--Alaska Pacific is the compensation insurance carrier for L.H.C., Inc. No dispute exists as to the right of Hartman's widow to collect these benefits, or as to the amount of the benefits. Although we do not know when the suit was filed, Hartman's widow also filed a wrongful death suit against Clarence Raines, alleging that Raines negligently caused Hartman's death. Alaska Pacific again stepped into the picture, this time as the liability insurance carrier for Clarence Raines.

Sometime after the June 28, 1979 accident, Raines filed a claim to collect Workers' Compensation benefits and Alaska

-3-

Pacific then asked the Workers' Compensation Division to investigate and determine whether Raines was an employee of L.H.C., Inc., or whether he was an independent contractor. Raines could collect Workers' Compensation benefits only upon a determination that he was an employee of L.H.C., Inc. (The record before us fails to tell us whether Raines filed his Workers' Compensation claim after he and Alaska Pacific were notified that Hartman's widow was making a claim against them for the wrongful death of her husband.)

It appears that after investigation, the Workers' Compensation Division decided that although there was a written contract purporting to create an independent contractor relationship between Raines and L.H.C., Inc., Raines was an employee, at least for purposes of the Workers' Compensation Act. It also appears that L.H.C., Inc. disputes this determination. In any event, it is undisputed that Raines collected a total of about $60 in benefits from Alaska Pacific.

Now back to the wrongful death action filed against Raines in state District Court. As a defense to the claim, Raines, through counsel representing both himself and Alaska Pacific, moved the court to dismiss the lawsuit on the ground that Raines was also an employee of L.H.C., Inc., at the time of the accident in which Hartman was killed, and this being so, the widow could not bring an action against a fellow servant, but was confined to the receipt of benefits under the Workers' Compensation Act. But Alaska Pacific and Raines were not content to let the District Court rule on this motion. Two days after they had filed this motion, they filed a petition before the Workers' Compensation Court and sought a ruling that Raines was an employee and not an independent contractor. The opposing party named in the petition was L.H.C., Inc. This petition was signed by counsel acting for both Alaska Pacific and Raines.

-4-

The essence of the petition before the Workers' Compensation Court is that Alaska Pacific wanted to pay benefits to Raines, and that Raines wanted to receive them, but that L.H.C., Inc., would not permit these payments because of its refusal to acknowledge that Raines was one of its employees. The petition recited the former declaration of the Workers' Compensation Division, and also stated that Alaska Pacific had paid benefits to Raines based on this determination. (The petition did not reveal, however, that Alaska Pacific had paid only $60 in benefits, and that Raines was not alleging that he was entitled to any more.) In the final part of the joint petition, Alaska Pacific and Raines allege that because L.H.C., Inc. refuses to acknowledge that Raines was an employee, the Workers' Compensation Court should step in and make a ruling.

Before the Workers' Compensation Court entered a ruling, L.H.C., Inc. made its appearance--and essentially took the position that there was really no issue before that court, and that in any event, the same issue had first been presented before the District Court in the wrongful death action, and that the issue should be resolved there. Mrs. Hartman intervened through counsel in order that the judge would know the possible effect that a decision of the Workers' Compensation Court would have on her wrongful death action filed in District Court against Raines. She also argued that the issue was first raised in District Court, and that it should first be resolved there.

On October 12, 1979, the District Court denied the motion to dismiss, but not on the merits--apparently deciding that the motion raised a factual issue on which evidence would be taken before the question could be decided. Two weeks later, on October 26, 1979, the Workers' Compensation Court refused to take jurisdiction and dismissed the petition without prejudice. It was dismissed because of a belief that

-5-

the case involved an application of the race-to-the-court-house theory, and that the issue should be decided in District Court because it was first raised there. From this decision, Alaska Pacific takes its appeal.

In our original opinion in this appeal, we erroneously stated that Alaska Pacific and Raines filed their petition before the Workers' Compensation Court when there was absolutely no issue before that court upon which it should take jurisdiction. For this reason, we concluded that the request was for the court to enter a declaratory judgment. We therefore, erroneously concluded that the Workers' Compensation Court is not empowered to issue declaratory judgments. In this statement, we were wrong to the extent that the Workers' Compensation Court, which operates under the Montana Administrative Procedure Act (section 39-71-2903, MCA) has a limited right to issue declaratory rulings (section 2-4-501, MCA).

The question then is whether there was an issue before the Workers' Compensation Court in need of resolution, or whether the proceedings before that court were commenced with the objective of obtaining a ruling there and then taking the ruling before the District Court to be used in support of Raines' motion to dismiss the wrongful death action filed by Hartman's widow against Raines. Undoubtedly, a legitimate dispute did not exist that required the Workers' Compensation Court to act. The petition before that court does not in any way indicate that Raines was then being deprived of compensation benefits. At the hearing before the Workers' Compensation Court, there was no allegation that Raines was being deprived of his just benefits under the Act because of the unwillingness of L.H.C., Inc. to admit that he was an employee. Counsel for Alaska Pacific

-6-

at no time indicated at the hearing any great concern for Raines as an employee who may not get his benefits; rather, counsel was interested only in obtaining a ruling from the Workers' Compensation Court that could then hopefully be used most effectively in District Court to determine whether or not Raines was an employee of L.H.C., Inc.

Alaska Pacific makes the bald statement that, "regardless of the effect of one action on the other, Raines was entitled to a speedy determination of his right to compensation from the appropriate tribunal, and this Court's opinion has deprived him of that." (Emphasis added.) Raines, however, does not make that contention. He is not before this Court on a petition for rehearing, seeking to have this Court reverse its earlier holding. Nor is this a case where Raines is threatened with having compensation benefits cut off because a recalcitrant employer will not cooperate. It is a case where Alaska Pacific and Raines (the insured and the insurer) have a common interest to defeat the right of Hartman's widow to proceed with her wrongful death suit in District Court, by a ruling that Raines was an employee of L.H.C., Inc. Also, should Raines have an actual need for compensation benefits as a result of any injuries sustained in the same accident that took Hartman's life, nothing prevents Alaska Pacific from voluntarily paying them. To do this, neither Alaska Pacific nor Raines need to get the consent of L.H.C., Inc.

The only reasonable conclusion we can reach is that Alaska Pacific and Raines filed their petition (signed by the same counsel who represented Raines and Alaska Pacific in the District Court suit) in an effort to sidetrack the wrongful death action filed in District Court. At no time did Raines or Alaska Pacific place an issue before the

-7-

Workers' Compensation Court that was in need of resolution. Neither Raines nor Alaska Pacific was concerned with obtaining compensation benefits for Raines; rather, they were concerned with affecting the District Court suit by obtaining a ruling before the Workers' Compensation Court that Raines was an employee of L.H.C., Inc. This is clearly an instance where an insurance company has abused the court system in its efforts to avoid meeting the issues head-on in District Court. For this reason, we impose the same sanctions imposed in our earlier opinion in the same case.

We assess a penalty against the Alaska Pacific Assurance Company, in the amount of $500, for prosecuting a frivolous appeal. See Rule 32, M.R.App.Civ.P. We cannot ignore the fact that the insurance company, rather than Raines, is the real party in interest in these proceedings, and therefore, the insurance company should bear full responsibility for bringing this frivolous appeal. We order that $250 be paid by the insurance company to L.H.C., Inc., and that $250 be paid by the insurance company to Marie J. Hartman. L.H.C., Inc. was directly forced into the Workers' Compensation Court proceedings, and there had to defend its interests. Marie J. Hartman, intervened in the Workers' Compensation Court proceedings so that her interest would be considered there. Under the circumstances, she had no other choice.

We note, finally, that whether Raines was an employee or an independent contractor with relation to L.H.C., Inc., is first a question for the District Court. The question has not been decided on the merits. If it is determined, and if there is a final determination of the underlying lawsuit against Raines, Raines and the insurance company are protected in the event of an adverse judgment, by their right to appeal. We express no opinion as to the merits of

-8-

the employer-independent contractor issue. We state only that the court system should not be abused in the process of getting this issue resolved. It was abused in this case, and the fault can be laid directly on the doorstep of the insurance company.

The order of the Workers' Compensation Court declining jurisdiction is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

-9-