No. 80-455

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

STATE OF MONTANA, ex rel., UNINSURED
EMPLOYERS' FUND, DIVISION OF WORKERS'
COMPENSATION,

Petitioner and Appellant,

vs.

THE HONORABLE WILLIAM E. HUNT,
WORKERS' COMPENSATION JUDGE,

Respondent.

---

ORIGINAL PROCEEDING:

For Appellant:

Hon. Mike Greely, Attorney General, Helena, Montana
Roy Andes, Assistant Attorney General, Helena, Montana
~~Deirdre Boggs, Missoula, Montana~~

For Respondent:

Tim Reardon, Helena, Montana
DEIRDRE BOGGS, MISSOULA, MONTANA

---

Submitted: March 16, 1981

Decided: March 20, 1981

Filed: MAR 20 1981

*Thomas J. Kearney*
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Petitioner Uninsured Employers' Fund, a Division of Workers' Compensation, State of Montana, filed its petition with this Court for a writ of prohibition addressed to the Hon. William E. Hunt, Workers' Compensation judge, upon the ground that Judge Hunt had no jurisdiction to determine the dispute hereafter described.

On receipt of the petition by the Fund for prohibition, we entered an order on December 12, 1980, temporarily restraining the Workers' Compensation Court from further proceeding in the cause before it, and requiring an appearance from the Workers' Compensation Court.

The response was filed on January 2, 1981. We determine that the petition for a permanent writ of prohibition should be denied.

Norman Beebe was injured in August 1979, while driving a tractor-trailer owned by Walker Leasing, Inc. (hereafter Walker). Walker had leased the tractor to Western Wheels, a division of E. R. Murphy Trucking Company (hereafter Murphy).

Beebe filed a Workers' Compensation claim with the Division of Workers' Compensation, Uninsured Employers' Fund. Beebe's claim was accepted by the Fund and continuous benefits have been paid to him. At the time of the petition, $11,000 had been paid, and there is a potential total liability of $30,000.

Because of the Fund's determination that Beebe was Walker's employee, the Fund attempted to charge Walker the amount of Beebe's benefits pursuant to section 39-71-504, MCA. The Fund also attempted to charge Murphy with those benefits, seeking to collect, in the alternative, from either party involved in the use of the tractor-trailer.

-2-

Both parties denied any responsibility for the employment of Beebe.

Walker filed a petition which is presently pending in the Workers' Compensation Court. That petition sought declaratory relief that:

"1. Claimant was an independent contractor, and not an employee of Walker.

"2. Claimant always was an employee of someone other than Walker.

"3. That claimant consented to be, and was hired and transferred from the general service of Walker to Western Wheels for a particular and special service so as to become the employee of Western Wheels, who controlled and directed his driving with claimant's assent."

When Walker filed its petition in the office of the Workers' Compensation Court, the Fund appeared therein by filing a motion to dismiss, raising the question of jurisdiction of the court, and also filing an alternative motion in case its jurisdictional argument was lost, that Murphy be made a party to the proceedings.

On November 5, 1980, the Workers' Compensation Court denied the motion of the Fund to dismiss the petition in his Court and on November 14, 1980, issued an order granting the motion to join Murphy as a necessary party before the Workers' Compensation Court.

In the meantime, the Fund itself brought an action in the Fourth Judicial District Court, Missoula County, as plaintiff, naming Walker and Murphy as defendants, in which complaint the Fund contends that Murphy or Walker was liable for the amounts of money which the Fund has been required to pay to Beebe. The Fund alleges that demand has been made upon both parties, that both deny liability, and that the relief, sought in the alternative, is a judgment against

-3-

Walker or against Murphy for the amounts paid or to be paid to Beebe, and for the penalties prescribed by the Workers' Compensation statutes against uninsured employers. That action is pending with nothing further in our file respecting progress in the District Court. Presumably it is awaiting our decision as to the authority of the Workers' Compensation Court to continue with the cause before it.

The contentions raised by the Fund are that:

1. The matter pending before the Workers' Compensation Court is not a "dispute" under section 39-71-2905, MCA, and that such dispute could only be with respect to benefits payable.

2. The legislative history of the Workers' Compensation Court shows that the office is only to be adjudicatory regarding workers' claims.

3. The relief sought is declaratory in nature and outside the power of the Workers' Compensation Court.

4. The Workers' Compensation Court is not a full-blown District Court but an administrative law court with limited jurisdiction.

In the pending action before the Workers' Compensation Court, the respondents are Walker and Murphy, after the latter had been made a party to the action. Beebe is not a party under any motion or order made by the Workers' Compensation Court. Yet the dispute involves the benefits payable to Beebe, and if it is determined in either court that Beebe was an independent contractor at the time of the accident, his benefits would presumably be terminated. It therefore appears to be a dispute that involves benefits payable to a claimant.

Section 39-71-2905, MCA, provides as follows:

-4-

"A claimant or an insurer who has a dispute concerning any benefits under chapter 71 of this title may petition the workers' compensation judge for a determination of the dispute. The judge, after a hearing, shall make a determination of the dispute in accordance with the law as set forth in chapter 71 of this title. If the dispute relates to benefits due a claimant under chapter 71, the judge shall fix and determine any benefits to be paid and specify the manner of payment. The workers' compensation judge has exclusive jurisdiction to make determinations concerning disputes under chapter 71. The penalties and assessments allowed against an insurer under chapter 71 are the exclusive penalties and assessments that can be assessed against an insurer for disputes arising under chapter 71." (Emphasis added.)

The Workers' Compensation Court has handled cases not strictly involving disputes between insurers and employees. Little v. Structural Systems (1980), ___ Mont. ___, 614 P.2d 516, 37 St.Rep. 1187, concerned liability between carriers; Brandner v. Travelers Ins. Co. (1978), ___ Mont. ___, 587 P.2d 933, 35 St.Rep. 1746, referred to subrogation; Hartl v. Big Sky of Montana, Inc. (1978), 176 Mont. 540, 579 P.2d 1239, regarded apportionment between carriers; Vigue v. M & M Const. Co. (1978), 175 Mont. 425, 574 P.2d 994, considered extraterritorial coverage. In the recent case of Alaska Pac. Assur. Co. v. L. H. C., Inc. (1981), ___ Mont. ___, 622 P.2d 224, 37 St.Rep. 1616, we indicated in passing that the Workers' Compensation Court operating as it does under the Montana Administrative Procedure Act (section 39-71-2903, MCA) has a limited right to issue declaratory rulings (section 2-4-501, MCA).

It seems clear therefore, that this is a dispute with respect to the benefits payable to a claimant, and as such, under section 39-71-2905, MCA, the Workers' Compensation Court has exclusive jurisdiction. As the Workers' Compensation Court points out in its response, we said in Sharp v. Hoerner

Waldorf Corp. (1978), ___ Mont. ____, 584 P.2d 1298, 35 St.Rep. 1430, that the criteria for finding liability under a Workers' Compensation dispute in a case involving an independent contractor may be different from other contractual relationships. We said:

> "It is therefore this Court's conclusion the application of section 92-438.1, R.C.M. 1947 [now section 39-71-120, MCA] to the factual situation results in a determination that appellant was in fact subject to the control of Hoerner Waldorf and thus is an employee for purposes of the Workers' Compensation Act."

The legislative history relied upon by the Fund relates to the Workers' Compensation scandals of a decade ago and the subsequent establishment of the Workers' Compensation Division. The Fund contends it was the intention of the legislature in establishing the Workers' Compensation Court to provide a forum for adjudicating workers' claims only. However, the history of the court and the statute providing exclusive jurisdiction in the court indicate that the jurisdiction of the court goes beyond that minimum whenever the dispute is related to benefits payable to a claimant.

As we have indicated above, the contention that the Workers' Compensation Court has no declaratory power is not in accord with the provisions of the statute nor the provisions of the Montana Administrative Procedure Act.

Although the Workers' Compensation Court is not vested with the full powers of a District Court, it nevertheless has been given broad powers concerning benefits due and payable to claimants under the Act. It has the power to determine which of several parties is liable to pay the Workers' Compensation benefits, or if subrogation is allowable, what apportionment of liability may be made between insurers,

and other matters that go beyond the minimum determination of the benefits payable to an employee.

We determine that the Workers' Compensation Court has exclusive jurisdiction of this cause relating to the benefits of Beebe.

We, therefore, order that the temporary prohibitory order which we entered on December 12, 1980, against the Workers' Compensation Court is hereby vacated and it is further ordered that this cause be remanded to the Workers' Compensation Court for further proceedings. The Worker's Compensation Court shall determine if Beebe should be made a party to the proceedings in that court. A copy of this opinion and order, when served by the Clerk upon the parties by ordinary mail, shall serve the office of a formal order. The petition, in this court, of the Fund is dismissed.

_John C. Sheehy_
Justice

We Concur:

_Frank I. Haswell_
Chief Justice

_Gene B. Daly_

_John Conway Harrison_

_Daniel J. Shea_

_Fred J. Weber_

Justices