No. 84-202

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

KELLEHER LAW OFFICE,

             Claimant and Appellant,

      -vs-

STATE COMPENSATION INSURANCE FUND,

             Defendant and Respondent.

APPEAL FROM:  Workers' Compensation Court, The Honorable Timothy
              Reardon, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

            Kelleher Law Office, Billings, Montana

      For Respondent:

            Thomas E. Martello, Helena, Montana

Submitted on Briefs: August 2, 1984

Decided:  November 28, 1984

Filed: NOV 28 1984

*Ethel M. Harrison*
————————————————————————————
                Clerk

Mr. Justice Frank B. Morrison delivered the Opinion of the Court.

Kelleher filed an action in the Workers' Compensation Court for an order directing the Fund to pay attorney fees and costs. The Workers' Compensation Judge denied petitioner's claim on the grounds that it lacked jurisdiction. Kelleher appeals.

Timothy Richards was injured on September 10, 1982. Big Horn Calcium, Richards' employer, was insured by State Compensation Insurance Fund (Fund), which denied Richards' claim. Richards retained the Kelleher Law Office to represent him.

Kelleher's retainer agreement with Richards was drafted pursuant to requirements of the Administrator of the Division of Workers' Compensation and was filed with the Division. The contingency agreement entitled attorney to 25 percent of the amount recovered.

An attorney in the Kelleher Law Office negotiated a settlement with Fund. In addition to claimant's hospital and medical bills, Fund agreed to compensate Richards $1,162.46, representing 4 3/7 weeks of temporary total benefits. Attorney was entitled to $290.62 in attorney fees and $32.70 in costs. Fund sent the state warrant directly to the claimant. Kelleher's name was not listed as payee on the warrant. Richards left the state without paying Kelleher Law Office for attorney's fees or reimbursing it for costs as provided for in the retainer agreement on file with the Division.

In response to a demand made to the Administrator that the Fund be directed to pay the 25 percent attorney fee and related costs, the Administrator sent an opinion dated 24 March 1983, to Kelleher denying that the Fund was liable.

Kelleher then filed an action against the Fund in the Workers' Compensation Court for an order directing Fund to pay attorneys fees and costs. Petitioner also requested a declaratory ruling that Fund must list the attorney's name as payee on all compensation drafts. Workers' Compensation judge denied the claim based on lack of jurisdiction.

On appeal these issues are presented:

1. Does a claimant's attorney have a lien on the proceeds of his client's workers' compensation award?

2. Is the lien created at the moment an agreement is reached between the attorney and the insurer?

3. Does the Workers' Compensation Court have jurisdiction to enforce a lien arising out of a workers' compensation claim?

4. Must the insurer list the attorney's name as a payee on the draft representing the proceeds of the workers compensation award or settlement?

5. Is the petitioner entitled to an award of reasonable attorney fees and costs for prosecuting this action?

6. Is the Respondent liable for interest on the attorney fees?

In State ex rel. Uninsured Fund v. Hunt (Mont. 1981), 625 P.2d 539, 38 St.Rep. 421, interpreting 39-71-2905, MCA, this Court recognized that whenever the dispute is related to workers' compensation benefits payable to a claimant, the jurisdiction of the Workers' Compensation Court goes beyond merely providing a forum for adjudicating workers' claims. The Workers Compensation Court was granted broad jurisdictional powers by the unequivocal language of this Court:

> "Although the Workers' Compensation Court is not vested with the full powers of a District Court, it nevertheless has been given broad powers concerning benefits due and payable to claimants under the Act. It has the power to determine which of

3

several parties is liable to pay the Workers' Compensation benefits, or if subrogation is allowable, what apportionment of liability may be made between insurers, and other matters that go beyond the minimum determination of the benefits payable to an employee." Hunt, supra, 625 P.2d at 539, 38 St.Rep. at 425.

We find that this extended jurisdictional authority of the Workers' Compensation Court includes payment of attorney's fees and related costs. We reverse the Workers' Compensation Court's judgment denying jurisdiction and remand for determination of attorney's fees. The following guidelines are pertinent to such determination.

The legislature enacted the attorney's statutory right to a judgment lien for compensation against proceeds of a client's award in 37-61-420, MCA:

"37-61-420. Judgment lien for compensation. (1) The compensation of an attorney and counselor for his services is governed by agreement, express or implied, which is not restrained by law.
(2) From the commencement of an action or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action or counterclaim which attaches to a verdict, report, decision, or judgment in his client's favor and the proceeds thereof in whose hands they may come. Such lien cannot be affected by any settlement between the parties before or after judgment."

Applying this statutory scheme to the case at bar a judgment lien would not attach against the claimant's compensation award, because the attorney negotiated a settlement with the State Compensation Insurance Fund prior to the "commencement of an action" or "service of an answer containing a counterclaim."

We agree with the policy of the legislature that an attorney should be able to obtain his fee in case of an award. However, the present statutory entitlement to a lien encourages litigation. By judicial fiat we extend the same protection to those attorneys who have filed their retainer agreement with the Division of Workers' Compensation. The

4

lien for compensation attaches upon filing of the contingency fee agreement with the Workers' Compensation Division.

We do not find our holding in conflict with our ruling in State ex rel. Harry v. District Court (Mont. 1981) 628 P.2d 657, 659, 38 St.Rep. 818, 820 strictly construing 39-71-743, MCA. In Harry this Court stated, ". . . the Montana legislature has specifically provided that payment of a workers' compensation award shall be exempt from all forms of seizures." The Harry decision is distinguishable in that it did not involve a statutory right to invade proceeds of a workers' compensation award. In the appeal before us, the legislature exempted attorneys by granting a specific statutory right to attach a lien upon the client's compensation award. For this reason, Harry is not controlling.

Whether attorney's name is listed as a payee on the state warrant is an administrative detail better left to determination by the Division of Workers' Compensation.

We reverse the Workers' Compensation Court's judgment denying jurisdiction in this matter, and issue a declaratory judgment that a lien for attorney's fees and costs attaches at the time the retainer agreement is approved by the Division of Workers' Compensation.

Appellant presents the issue whether attorney's fees should be awarded for prosecuting this action.

> "It has long been the rule in Montana that in the absence of agreement between the parties or statutory authorization, a successful party is not entitled to an award of attorney's fees. Nikles v. Barnes (1969), 153 Mont. 113, 454 P.2d 608. . . . We recognize a very narrow exception to the above rule. A District Court does have equitable power to award attorney's fees where the prevailing party has been forced into an action that is frivolous and utterly without merit. Wilson v. Department of Natural Resources and Conservation (1982), Mont. ____, 648 P.2d 766, 39 St.Rep. 1294." Thompkins v. Fuller (Mont. 1983), 667 P.2d 944, 954, 40 St.Rep. 1192, 1204.

5

An award of attorney's fees is not appropriate in this case. There is no requisite statutory authority as basis for such an award. No contract or agreement between the parties justifies awarding attorney's fees. Application of the narrow exception to the general rule permitting award by the District Court's equitable discretion is also not appropriate. The trial court ruled that it lacked jurisdiction in the action. There is a justiciable controversy involving that question. Therefore, no basis exists for an award of fees.

Appellant claims interest should accrue on the attorney fees wrongfully withheld by trial court's denial of jurisdiction. A claim becomes liquidated, for the purpose of allowing prejudgment interest, when both the amount due and the date on which it becomes due are fixed and certain. First Nat. Bank of Girard v. Bankers Dispatch (1977), 221 Kan. 528, 562 P.2d 32. Liquidated claims include an indebtedness which is capable of ascertainment by reference to an agreement or simple mathematical computation. L. M. White Contracting Co. v. St. Joseph Structural Steel Co. (1971), 15 Ariz.App. 260, 488 P.2d 196, 200.

Commensurate with the fee agreement timely filed with the Division of Workers' Compensation, appellant's legal fees could be computed to a sum certain upon issuance of the state warrant establishing the specific amount of appellant's client's compensation benefits. Prejudgment interest on appellant's attorney's fees is permitted to run as of the date the state warrant was issued.

We reverse and remand for a determination of appellant's fee and interest due thereon.

_____
Justice

We concur:

_Franklin A. Haswell_
Chief Justice

_John C. Sheehy_

_L. C. Gulbrandson_

Justices

Mr. Justice Fred J. Weber dissents as follows.

I respectfully dissent from the holding of the majority which "by judicial fiat" extends lien protection to attorneys who have filed their retainer agreements with the Division of Workers Compensation.

As set forth in the majority opinion, section 37-61-420, MCA, provides that a lien attaches from the commencement of an action or the service of an answer. The legislature has determined that a lien is appropriate for an attorney where he has commenced an action for a plaintiff or filed an answer for a defendant in pending litigation. The legislature has not provided for such a lien on the part of an attorney for services prior to the commencement of an action.

Here the majority has concluded that it will extend lien protection to those attorneys who have filed a retainer agreement without the commencement of an action. While there may be a valid argument that such protection is appropriate for attorneys representing workers' compensation claimants, it seems to me that such argument should be made to the legislature, the appropriate body for this type of legislation, rather than this Court.

As with other liens, I would defer to the provisions adopted by the legislature.

Justice

8