No. 97-691

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 169

LIBERTY NORTHWEST INSURANCE

CORPORATION,

Appellant/Insurer for,

BRAND S LUMBER,

Employer,

v.

STATE COMPENSATION INSURANCE

FUND,

Respondent.

APPEAL FROM: Workers' Compensation Court

The Honorable Mike McCarter, Judge presiding.


COUNSEL OF RECORD:


For Appellant:


Larry W. Jones, Missoula, Montana


For Respondent:


Laurence A. Hubbard, State Compensation Insurance Fund, Helena, Montana

Submitted on Briefs: June 11, 1998

Decided: July 8, 1998

Filed:

_____

Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶ This is an appeal by Liberty Northwest Insurance Corporation (Liberty) from the October 1, 1997 order of the Workers' Compensation Court dismissing for lack of subject matter jurisdiction Liberty's petition filed against the State Compensation Insurance Fund (State Fund). We affirm.

## Background

¶ On August 25, 1997, Liberty filed in the Workers' Compensation Court a Petition for Hearing naming the State Fund as the respondent. In its petition, Liberty alleged that it was the workers' compensation carrier for Brand S Lumber (Brand S). According to Liberty, Brand S subcontracted with McNeilly Line Logging (McNeilly)

for McNeilly to provide Brand S with logs. On November 25, 1994, the State Fund wrote to Brand S stating that McNeilly had applied for coverage with the State Fund and that "we will also notify you if cancellation procedures are initiated for any reason."

¶ Liberty's petition also alleged that on September 25, 1995, McNeilly's employee, Durwood Park (Park), was injured. Brand S and Liberty then discovered that McNeilly was without workers' compensation insurance. As a result, Liberty began paying benefits to Park pursuant to § 39-71-405, MCA. Basically, this statute requires that an employer (in this case Brand S) who contracts with an independent contractor (McNeilly) is liable for payment of benefits to the employees of the independent contractor (Park) if the independent contractor has not properly complied with the coverage requirements of the Workers' Compensation Act (the Act).

¶ Liberty alleged that prior to Park's injury the State Fund never notified Brand S that it (the State Fund) did not provide coverage for McNeilly. Liberty also alleged that State Fund's letter of November 25, 1994, was provided to Brand S for its guidance in its business transactions and that the statement in the letter referred to above was a false statement or, alternatively, made without the reasonable exercise of care or competence in obtaining or communicating this information. Liberty's petition claimed that State Fund provided the information in its letter to Brand S for its benefit and guidance; that State Fund knew or was charged with knowing that Brand S intended to rely on that information; and that State Fund failed to observe a duty of care to Brand S in supplying information for use in commercial transactions. Finally, Liberty alleged that it demanded that State Fund accept liability and reimburse Liberty for money paid to Park and that State Fund refused.

¶ In response to Liberty's petition, State Fund moved to dismiss on the ground that the Workers' Compensation Court lacked subject matter jurisdiction to decide Liberty's cause of action because it sounded in tort. The Workers' Compensation Court agreed and dismissed Liberty's petition. This appeal followed.

Issue

¶ The sole issue on appeal is whether the Workers' Compensation Court has subject matter jurisdiction to hear and determine Liberty's petition.

## Standard of Review

¶ When deciding a motion to dismiss based on lack of subject matter jurisdiction, a trial court must determine whether the complaint states facts that, if true, would vest the court with subject matter jurisdiction. This conclusion is a question of law. *Poteat v. St. Paul Mercury Ins. Co.* (1996), 277 Mont. 117, 119, 918 P.2d 677, 679 (citations omitted). Our review of the Workers' Compensation Court's conclusions of law is plenary; we simply determine whether its legal conclusions are correct. *Heath v. Montana Municipal Ins. Authority*, 1998 MT 111, ¶ 9, ___ Mont. ___, ¶ 9, ___ P.2d ___, ¶ 9, 55 St.Rep. 437, ¶ 9 (citing *Loss v. Lumbermens Mut. Cas. Co.* (1997), 282 Mont. 80, 81, 936 P.2d 313, 314).

## Discussion

¶ Liberty contends that the allegations in its petition state a claim under the holding in *Jim's Excavating Service v. HKM Assoc.* (1994), 265 Mont. 494, 878 P.2d 248 (adopting Restatement (Second) of Torts § 552 (1977) (information negligently supplied for the guidance of others)) and Restatement (Second) of Torts § 551 (1977) (liability for non-disclosure). Furthermore, Liberty concedes that "[u]ndeniably [its] theory 'sounds in tort.'" Notwithstanding, Liberty maintains that the underlying subject matter of its dispute with the State Fund is the State Fund's alleged liability for the payment of workers' compensation benefits, and that, accordingly, the Workers' Compensation Court has subject matter jurisdiction of its cause of action. We agree that Liberty's cause of action sounds in tort; we disagree, however, with Liberty's conclusion that the Workers' Compensation Court has jurisdiction of this cause nonetheless.

¶ The jurisdiction of the Workers' Compensation Court is set forth in § 39-71-2905, MCA, (1995), which, in relevant part provides:

> **Petition to workers' compensation judge.** A claimant or an insurer who has a dispute concerning *any benefits under chapter 71 of this title* may petition the workers' compensation judge for a determination of the dispute after satisfying dispute resolution requirements otherwise provided in this chapter [at § 39-71-2401, MCA]. [Emphasis added.]

¶ **Even though the Workers' Compensation Court has broad jurisdictional powers over disputes under the Act,** *see State ex rel. Uninsured Emp. Fund v. Hunt* **(1981), 191 Mont. 514, 518-19, 625 P.2d 539, 541-42, and** *Wunderlich v. Lumbermens Mut. Cas. Co.* **(1995), 270 Mont. 404, 411, 892 P.2d 563, 567-68, we have never gone so far as to interpret the court's jurisdiction to encompass common law tort actions. In this regard, we agree with the rationale articulated by the Workers' Compensation Court in dismissing Liberty's petition:**

> While the jurisdiction of the [Workers' Compensation Court] extends to any matter relating to benefits, including claims between insurers to determine which of them is liable to a claimant, *Belton v. Hartford Accident and Indemnity Co*, 202 Mont. 384, 658 P.2d 405 (1983), no decision of which [the Workers' Compensation Court] is aware has ever held or even suggested that [the Workers' Compensation Court] has jurisdiction over tort actions, even though the tort action might result in a judgment requiring another party to pay, as damages, the amount which an insurer has paid to a claimant under the Workers' Compensation Act.

¶ **The jurisdictional parameters of the Workers' Compensation Court are defined by statute as interpreted, from time to time, by the decisions of this Court. Section 39-71-2905, MCA, restricts the jurisdiction of the Workers' Compensation Court to disputes concerning**

**"any benefits under chapter 71" of Title 39. Our role is simply to ascertain and declare what is in terms or in substance contained in a statute and not to insert what has been omitted or omit what has been inserted. Section 1-2-101, MCA. Clearly, the plain language of this statute does not empower the Workers' Compensation Court to hear or decide common law tort actions. Indeed, jurisdiction over "all civil matters and cases at law and in equity"--including actions sounding in tort--resides in this State's courts of general jurisdiction, the district courts. Art. VII, Sec. 4, Mont. Const. Notwithstanding how Liberty may choose to arbitrarily characterize its claims against State Fund, its cause of action is substantively one for damages based upon tort theories of recovery and is not a dispute over benefits payable under the**

No

**Act.**

**¶ We hold that the Workers' Compensation Court correctly determined that, as matter of law, it lacked subject matter jurisdiction over Liberty's cause of action. Accordingly, the court's dismissal of Liberty's petition is affirmed.**

/S/ JAMES C. NELSON

We Concur:

/S/ TERRY N. TRIEWEILER

/S/ KARLA M. GRAY

/S/ WILLIAM E. HUNT, SR.

/S/ JIM REGNIER