JUSTICE LEAPHART
dissenting.
¶43 I dissent.
¶44 The WCC has, on numerous occasions, adjudicated constitutional challenges to statutes under the Workers’ Compensation Act (the Act). See e.g. Stavenjord v. Montana State Fund, 2003 MT 67, 314 Mont. 466, 67 P.3d 229; Rausch v. State Compensation Ins. Fund, 2005 MT *525 140, 327 Mont. 272, 114 P.3d 192; Reesor v. Montana State Fund, 2004 MT 370, 325 Mont. 1, 103 P.3d 1019; Bustell v. AIG Claims Services, Inc., 2004 MT 362, 324 Mont. 478, 105 P.3d 286; Schmill v. Liberty Northwest Ins. Corp., 2003 MT 80, 315 Mont. 51, 67 P.3d 290. In the majority opinion, this Court cites to §§ 2-4-501 and 39-71-2905(1), MCA, as controlling in this case, holding that if injured employees “wish to challenge the constitutionality of a statutory provision, rule, or order outside the context of a dispute concerning benefits, they must do so in district court.” ¶¶ 25, 34.
¶45 First of all, the entirety of the Court’s opinion is based upon a false premise-that is, the constitutional issue posed does not involve “benefits.” At issue is the constitutionality of § 39-71-604(3), MCA, which provides that the filing of a claim for “benefits” authorizes an insurer to communicate with a physician or health care provider about “relevant” health care information and to receive such information “without prior notice to the injured employee.” Obviously the issue does involve “benefits.” The issue of whether insurers obtain medical information directly from doctors without knowledge of a claimant can only arise if a claimant has filed a claim for benefits. While there is no claim for benefits in this specific declaratory action, the action arose when Workers, in pursuit of their individual claims for benefits, realized their right to privacy was being compromised. Leaving their individual benefit claims separate, they filed suit together to protect their own right to privacy, and to pave the way so that others can file for benefits without having to sacrifice their constitutional right to privacy. The WCC has jurisdiction to address issues which arise after benefits have been determined, i.e. fees and costs. See Kelleher Law Office v. State Comp. Ins. Fund, 213 Mont. 412, 417, 691 P.2d 823, 825 (1984). Why then would the same court not have jurisdiction to address the statutory hurdles to obtaining benefits in the first instance? Benefits are indirectly, if not directly, involved in both instances.
¶46 Even if one assumes the Court’s ostrich approach and pretends that the statutes at issue do not involve benefits, the Court is wrong in concluding that § 39-71-2905(1), MCA, limits the WCC to cases which directly involve claims for benefits. While the Court’s holding does not call into question the validity of the above cases, it incorrectly interprets § 39-71-2905(1), MCA, which gives the WCC exclusive jurisdiction of any dispute arising under the Act with only two exceptions.
¶47 Section 39-71-2905(1), MCA, provides in whole:
*526 A claimant or an insurer who has a dispute concerning any benefits under chapter 71 of this title may petition the workers’ compensation judge for a determination of the dispute after satisfying dispute resolution requirements otherwise provided in this chapter. In addition, the district court that has jurisdiction over a pending action under 39-71-515 may request the workers’ compensation judge to determine the amount of recoverable damages due to the employee. The judge, after a hearing, shall make a determination of the dispute in accordance with the law as set forth in chapter 71 of this title. If the dispute relates to benefits due to a claimant under chapter 71, the judge shall fix and determine any benefits to be paid and specify the manner of payment. After parties have satisfied dispute resolution requirements provided elsewhere in this chapter, the workers’ compensation judge has exclusive jurisdiction to make determinations concerning disputes under chapter 71, except as provided in 39-71-317 and 39-71-516. The penalties and assessments allowed against an insurer under chapter 71 are the exclusive penalties and assessments that can be assessed by the workers’ compensation judge against an insurer for disputes arising under chapter 71.
(Emphasis added.) Pursuant to this statute, the WCC has jurisdiction of disputes concerning any benefits after dispute resolution requirements are met. The statute then provides that if the dispute relates to benefits due, the workers’ compensation judge must fix the amount. The fact that the legislature included the words “if the dispute relates to benefits due” indicates that the legislature contemplated non-benefit related disputes to be handled by the WCC if they arose under the Act. In fact, the legislature went on to provide that the workers’ compensation judge has exclusive jurisdiction to make determinations concerning disputes (“disputes” having no qualifying language about benefits this time) under the Act, with only two exceptions, neither of which are applicable here. The statute does not exclude constitutional challenges from the jurisdiction of the WCC if the challenges concern the Act.
¶48 This Court has previously held:
[T]he contention that the Workers’ Compensation Court has no declaratory power is not in accord with the provisions of the statute nor the provisions of the Montana Administrative Procedures Act.
Although the Workers’ Compensation Court is not vested with *527 the full powers of a District Court, it nevertheless has been given broad powers concerning benefits due and payable to claimants under the Act. It has the power to determine which of several parties is hable to pay the Workers’ Compensation benefits, or if subrogation is allowable, what apportionment of liability may be made between insurers, and other matters that go beyond the minimum determination of the benefits payable to an employee.
State ex rel. Uninsured Emp. Fund v. Hunt, 191 Mont. 514, 519, 625 P.2d 539, 542 (1981). As an extension of this logic, this Court has held that the “extended jurisdictional authority of the [WCC] includes payment of attorney's fees and related costs.” Kelleher Law Office, 213 Mont. at 415, 691 P.2d at 825. In the case at hand, the Workers brought a constitutional challenge to a statute under the Act that conditions a claim for benefits on the waiver of the claimant’s right of privacy in his or her medical records. Recognizing that the WCC has jurisdiction to handle such cases makes sense when one considers that our “district courts have not been concerned with workers’ compensation benefits since the establishment of the Workers’ Compensation Court in 1975.” Ingraham v. Champion Intern., 243 Mont. 42, 49, 793 P.2d 769, 773 (1990). I have no doubt that if the Workers had brought their claim in district court, it would have been dismissed for lack of jurisdiction.
¶49 Based on my conclusions, (1) that this declaratory claim does involve benefits, and (2) that the WCC has jurisdiction to hear disputes arising under the Act even outside the context of benefits, I further conclude that rendering declaratory judgments with regard to employee rights is well within the authority of the WCC. That said, I would also affirm the award of attorneys’ fees and costs taxed against the State pursuant to § 27-8-311, MCA.