JUSTICE NELSON,
specially concurring.
¶40 I believe that the Court’s Opinion correctly resolves the issues in this case under the law as it presently stands. With respect to Issue 2, however, though the result we reach is in line with existing precedent, I question whether that precedent is correct, particularly in view of recent decisions of this Court.
¶41 Jurisdiction involves the fundamental power and authority of a court to hear and decide an issue. Stanley v. Lemire, 2006 MT 304, ¶ 30, 334 Mont. 489, ¶ 30, 148 P.3d 643, ¶ 30. Jurisdiction cannot be forfeited, waived, or conferred by the consent of the parties. Miller v. District Court, 2007 MT 149, ¶ 44, 337 Mont. 488, ¶ 44, 162 P.3d 121, ¶ 44. Rather, jurisdiction is conferred on the courts only by the Constitution or statutes adopted pursuant to the Constitution. Stanley, ¶ 52.
¶42 Unlike the district courts, which have jurisdiction in all civil matters and cases at law and in equity, see Mont. Const, art. VII, § 4(1), the WCC is a court of limited jurisdiction created by the Legislature under Article VII, Section 1 of the Montana Constitution, see Oberson v. Federated Mut. Ins. Co., 2005 MT 329, ¶ 11, 330 Mont. 1, ¶ 11, 126 P.3d 459, ¶ 11. More specifically, the WCC is an administrative tribunal governed by the Montana Administrative Procedure Act (“MAPA”; §§ 2-4-101 to -711, MCA). See § 39-71-2903, MCA; see also Kloepfer v. Lumbermens Mut. Cas. Co., 272 Mont. 78, 81, 899 P.2d 1081, 1083 (1995); Wheeler v. Carlson Transport, 217 Mont. 254, 263, 704 P.2d 49, 55 (1985); Hert v. J. J. Newberry Co., 179 Mont. 160, 161-62, 587 P.2d 11, 12 (1978).
*229 ¶43 Courts of limited jurisdiction have only such power as is expressly conferred by statute. Thompson v. State, 2007 MT 185, ¶ 24, 338 Mont. 511, ¶ 24, 167 P.3d 867, ¶ 24 (citing Jenkins v. Carroll, 42 Mont. 302, 312, 112 P. 1064, 1069 (1910)). Accordingly, in determining whether the WCC has jurisdiction to hear and decide an issue, our starting premise is that the WCC does not have the jurisdiction in question unless that jurisdiction is expressly conferred by a specific provision of law. See Thompson, ¶ 24 n. 4. Translated to the case at hand, the WCC does not have jurisdiction to hear and decide the issue of Halverson’s entitlement to attorneys fees-i.e., whether Plath adequately represented Pinnow in her dispute with MSF-unless that jurisdiction is expressly conferred by a specific provision of law.
¶44 Given this premise, I have scoured Title 3, MCA; Title 39, Chapter 71, MCA; and MAPA. I have found no provision expressly conferring jurisdiction on the WCC to hear and decide a dispute between a workers’ compensation claimant and her attorney over whether the attorney has provided adequate representation and is entitled to the attorneys fees agreed to in the retainer agreement. Halverson cites no such provision either. (As noted in ¶ 34 n. 2 of the Court’s Opinion, Halverson’s reliance on § 39-71-613(5), MCA, is misplaced.) Thus, it appears that such a dispute must be brought in a district court.
¶45 Notwithstanding, this Court held in Kelleher Law Office v. State Comp. Ins. Fund, 213 Mont. 412, 691 P.2d 823 (1984), that the WCC’s jurisdiction “includes payment of attorney’s fees and related costs.” Kelleher, 213 Mont, at 415, 691 P.2d at 825. The reasoning underlying this holding, however, was not based on any express statutory grant of such jurisdiction. As a matter of fact, one of the holdings in the case was reached, as admitted by the author of the opinion, “[b]y judicial fiat,” see Kelleher, 213 Mont, at 416, 691 P.2d at 825; see also Kelleher, 213 Mont. at 418-19, 691 P.2d at 826 (Weber, J., dissenting), and I submit that the holding with respect to the WCC’s jurisdiction over the attorney’s fees dispute in Kelleher was also reached “by judicial fiat.” ¶46 Timothy Richards was injured in 1982, and his employer’s insurer, the State Compensation Insurance Fund, denied his claim. Thus, Richards retained the Kelleher Law Office to represent him. Richards and Kelleher entered into a contingency agreement entitling Kelleher to 25 percent of the amount recovered. Thereafter, Kelleher negotiated a settlement with the Fund on Richards’ behalf. As a result, Kelleher was entitled to $290.62 in attorney’s fees and $32.70 in costs. However, the Fund sent the state warrant (which did not list Kelleher’s name as a payee) directly to Richards, who in turn left the state without paying Kelleher. Kelleher then made a demand on the *230 Fund for the attorney’s fees and costs, but the Fund denied liability. Thus, Kelleher filed an action against the Fund in the WCC, requesting an order directing the Fund to pay the attorney’s fees and costs. In addition, Kelleher requested a declaratory ruling that the Fund must list the attorney’s name as payee on all compensation drafts. See Kelleher, 213 Mont. at 414, 691 P.2d at 824.
¶47 In concluding that the WCC had jurisdiction over this action — which, aside from the request for a declaratory ruling, was in substance a negligence action-the Kelleher majority reasoned that the WCC “was granted broad jurisdictional powers by the unequivocal language of this Court” in State ex rel. Uninsured Employers’ Fund v. Hunt, 191 Mont. 514, 625 P.2d 539 (1981). Kelleher, 213 Mont. at 415, 691 P.2d at 824. This reasoning, however, is plainly unsustainable. It is not this Court’s prerogative, nor is it within this Court’s power, to bestow the WCC with jurisdictional powers, “broad” or otherwise. Cf. Miller v. District Court, 2007 MT 149, ¶ 45, 337 Mont. 488, ¶ 45, 162 P.3d 121, ¶ 45.
¶48 As for our decision in Hunt, the underlying proceeding in the WCC concerned which of multiple parties was liable to pay the workers’ compensation benefits. See Hunt, 191 Mont. at 515-17, 625 P.2d at 540-41. Not surprisingly, we held that this was “a dispute with respect to the benefits payable to a claimant, and as such, under section 39-71-2905, MCA, the Workers’ Compensation Court has exclusive jurisdiction.” Hunt, 191 Mont. at 518, 625 P.2d at 542. This reasoning was sufficient to resolve the issue. Nevertheless, we then proceeded to express the view that
[ajlthough the Workers’ Compensation Court is not vested with the full powers of a District Court, it nevertheless has been given broad powers concerning benefits due and payable to claimants under the Act. It has the power to determine which of several parties is liable to pay the Workers’ Compensation benefits, or if subrogation is allowable, what apportionment of liability may be made between insurers, and other matters that go beyond the minimum determination of the benefits payable to an employee.
Hunt, 191 Mont. at 519, 625 P.2d at 542 (emphasis added). Unfortunately, this dictum has taken on a life of its own. See e.g. Kelleher, 213 Mont. at 415, 691 P.2d at 824 (“[W]henever the dispute is related to workers’ compensation benefits payable to a claimant, the jurisdiction of the [WCC] goes beyond merely providing a forum for adjudicating workers’ claims.” (citing Hunt)); Schmill v. Liberty Northwest Ins. Corp., 2005 MT 144, ¶ 22, 327 Mont. 293, ¶ 22, 114 P.3d 204, ¶ 22 (asserting that the WCC has “broad jurisdictional powers” *231 (citing Kelleher)).
¶49 In Carlson v. Cain, 216 Mont. 129, 700 P.2d 607 (1985), this Court went even further, stating that “once the Workers’ Compensation Court has acquired jurisdiction of a dispute under the Act, it has jurisdiction to try and decide all of the issues that arise between the parties before him.” Carlson, 216 Mont. at 141, 700 P.2d at 615 (emphasis added). No statutory authority was cited for this broad and wholly untenable assertion as to the WCC’s jurisdiction. Indeed, the assertion is based on nothing more than the Carlson Court’s views that “[i]t is the policy of the law to avoid multifariousness in litigation” and that “[a]ll issues involved in lawsuits should be tried in one trial.” Carlson, 216 Mont. at 141, 700 P.2d at 615.
¶50 Yet, “the policy of the law” is not a basis for jurisdiction. Indeed, we rejected a similar argument in Thompson:
While the Workers contend that the “practical effect” of [the statutory scheme at issue] is to foster confusion between two courts, increase the likelihood of conflicting rulings, and compound time and expense for all litigants-a contention which is not supported by any evidence in the record-the statutory scheme is what the Legislature created, and conjectured savings in judicial economy cannot be a source of subject-matter jurisdiction.
Thompson, ¶ 34.
¶51 Returning to Hunt, Kelleher, and Schmill, the purported basis of our holdings in these cases was § 39-71-2905(1), MCA. See Hunt, 191 Mont. at 517-19, 625 P.2d at 541-42; Kelleher, 213 Mont. at 415, 691 P.2d at 824; Schmill, ¶ 22. Section 39-71-2905(1), MCA, states, in pertinent part, as follows:
A claimant or an insurer who has a dispute concerning any benefits under [the Workers’ Compensation Act, Title 39, Chapter 71, MCA,] may petition the workers’ compensation judge for a determination of the dispute after satisfying dispute resolution requirements otherwise provided in this chapter. . . . The judge, after a hearing, shall make a determination of the dispute in accordance with the law as set forth in chapter 71 of this title. If the dispute relates to benefits due to a claimant under chapter 71, the judge shall fix and determine any benefits to be paid and specify the manner of payment. After parties have satisfied dispute resolution requirements provided elsewhere in this chapter, the workers’ compensation judge has exclusive jurisdiction to make determinations concerning disputes under chapter 71, except as provided in 39-71-317 and 39-71-516. . . .
*232 ¶52 Pursuant to this language, the WCC has jurisdiction over “dispute[s] concerning any benefits” under the Workers’ Compensation Act. The WCC is specifically authorized “to make determinations concerning [such] disputes.” See also In re Workers’ Comp. Benefits of Noonkester, 2006 MT 169, ¶¶ 20-23, 332 Mont. 528, ¶¶ 20-23, 140 P.3d 466, ¶¶ 20-23; Liberty Northwest Ins. Corp. v. State Fund, 1998 MT 169, ¶ 11, 289 Mont. 475, ¶ 11, 962 P.2d 1167, ¶ 11. But no other types of “disputéis]” are listed, and nothing in the foregoing language even remotely suggests that the WCC has jurisdiction to hear and decide “disputes concerning attorney’s fees.”
¶53 The Legislature has provided for the WCC to award attorney’s fees under narrowly-defined circumstances. See e.g. §§ 39-71-611, -612, MCA. Likewise, the Legislature has provided for original jurisdiction in the WCC to decide a particular type of dispute concerning attorney’s fees (specifically, the forfeiture or return of attorney’s fees). See § 39-71-613(5), MCA. Such provisions would be surplusage if § 39-71-2905(1), MCA, were, in fact, the open-ended grant of jurisdiction suggested by our decisions in Hunt, Kelleher, and Schmill. Moreover, the fact that the Legislature has conferred jurisdiction on the WCC to award attorney’s fees and decide attorney’s fees disputes under specified circumstances compels the conclusion that jurisdiction does not exist to award attorney’s fees and decide attorney’s fees disputes under circumstances not specified by the Legislature.
¶54 In more recent decisions, we have emphasized that the WCC is a court of limited jurisdiction whose primary function is to resolve disputes between claimants and insurers concerning workers’ compensation benefits. See Thompson, ¶¶ 24-26, 30; Noonkester, ¶¶ 20-23; Liberty Northwest, ¶ 11. As just noted, the Legislature has provided for additional jurisdiction in the WCC over narrowly-defined issues and disputes. It is not the province of this Court to add to the list by implying from or reading into the statutes a broader jurisdictional grant than is expressly stated. See § 1-2-101, MCA (“In the construction of a statute, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted.”); cf. Thompson, ¶ 32 (“The WCC does not appear in [§ 3-1-102, MCA], and neither we nor the WCC may read the WCC into the list. . . .”). We must be particularly cautious about doing so given that the WCC is a court of limited jurisdiction, having only such power as is expressly conferred by statute. Simply put, we may not infer additional power from otherwise unambiguous statutory language.
¶55 The language of § 39-71-2905(1), MCA, does not support the *233 expansive readings of the WCC’s jurisdiction in the Hunt, Kelleher, Carlson, and Schmill decisions. I therefore submit that when the issue is properly presented, this Court should reevaluate our statements in these cases to the effect that the WCC has jurisdiction, beyond that expressly conferred by the Legislature, to hear and decide “all of the issues” that arise between the parties before it.
¶56 That said, Kelleher is currently the law; and based on the holding of Kelleher, I believe that the Court reaches the correct result under Issue 2. Pinnow’s contention is that Plath did not adequately represent her in her dispute with MSF. Although this dispute between Pinnow and Halverson over the adequacy of Plath’s representation and Halverson’s entitlement to attorney’s fees does not concern workers’ compensation benefits-indeed, in my view, it is a malpractice claim-it is a dispute that arose within the context of a dispute over workers’ compensation benefits. Thus, under the “extended jurisdictional authority” of § 39-71-2905(1), MCA, as interpreted in Kelleher, 213 Mont, at 415, 691 P.2d at 825, the WCC has jurisdiction, on remand, to hear and decide the dispute over Halverson’s entitlement to the attorney’s fees.
¶57 On this basis, I concur on our resolution of Issue 2.
CHIEF JUSTICE GRAY and JUSTICE RICE join the Special Concurrence of JUSTICE NELSON.