SIIRA v EMPLOYERS MUTUAL LIABILITY INSURANCE
COMPANY OF WISCONSIN

Docket No. 77-2294. Submitted October 3, 1978, at Escanaba.—Decided November 27, 1978. Leave to appeal denied, 406 Mich 918.

Plaintiff Melvin Siira incurred a work related injury in Montana and received a lump-sum settlement pursuant to the Montana Workmen's Compensation Act. Then Mr. and Mrs. Siira obtained a settlement from the manufacturer of a power saw involved in the accident. Thereafter defendant, Employers Mutual Liability Insurance Company of Wisconsin, obtained a judgment against Mr. Siira for reimbursement of workmen's compensation benefits paid pursuant to the Montana act and a writ of execution was secured to enforce the judgment. Mr. and Mrs. Siira and Andrew H. Wisti and Gordon J. Jaaskelainen d/b/a Wisti & Jaaskelainen, a partnership, filed the instant action for actual and punitive damages for abuse of process and interference with plaintiffs' contractual rights and for apportionment of attorney's fees as provided for in the Michigan Worker's Disability Compensation Act. The Houghton Circuit Court, Stephen D. Condon, J., granted accelerated judgment for defendant. Plaintiffs appeal. *Held:*

1. The section of the Michigan Worker's Disability Compensation Act providing for apportionment of attorney fees between employer and employee in the event the employer is entitled to reimbursement due to the employee's recovery from a third-party tortfeasor applies only when the compensation was paid or payable under the Michigan act.

2. Accelerated judgment on the abuse of process claims was improper since the claims were based on matters occurring after the entry of the judgment and a judgment can never be dispositive of a cause of action based on matters occurring subsequently.

Summary judgment was ordered as to the claim for appor-

REFERENCES FOR POINTS IN HEADNOTES
[1] 82 Am Jur 2d, Workmen's Compensation § 437.
[2] 46 Am Jur 2d, Judgments § 394 *et seq.*

tionment of attorney fees, the trial court was reversed as to the abuse of process claims and the case was remanded.

1. WORKMEN'S COMPENSATION—STATUTES—THIRD-PARTY TORTFEASORS —APPORTIONMENT OF ATTORNEY'S FEES—CHOICE OF LAWS.
   The section of the Michigan Worker's Disability Compensation Act providing for apportionment of attorney fees between employer and employee in the event the employer is entitled to reimbursement due to the employee's recovery from a third-party tortfeasor applies only when the compensation was paid or payable under the Michigan act.

2. ACTION—JUDGMENTS—RES JUDICATA—SUBSEQUENT EVENTS.
   A judgment is never res judicata as to claims based on matters occurring subsequent to the entry of the judgment.

*Wisti & Jaaskelainen* (by *Michael E. Makinen),* for plaintiffs.

*Vairo, Michlin, Tomasi & Johnson* (by *Jeryl A. Manchester),* for defendant.

Before: J. H. GILLIS, P.J., and D. E. HOLBROOK and R. M. MAHER, JJ.

J. H. GILLIS, P.J. Plaintiffs appeal from the trial court's order granting accelerated judgment to defendant.

Plaintiff Melvin Siira incurred a work-related injury in Montana in August, 1969. Workmen's compensation benefits were paid under the Montana Workmen's Compensation Act. A lump-sum payment of $14,308.90 was ultimately made which was approved by the Montana Workmen's Compensation Division.

Plaintiffs Melvin and Shirley Siira subsequently filed suit against the manufacturer of a power saw which had been involved in the accident. This suit was settled for $75,000, $25,000 of which went to plaintiffs Wisti and Jaaskelainen for attorney fees.

On May 19, 1975, defendant filed a complaint

against Mr. Siira for reimbursement of the workmen's compensation benefits pursuant to the Montana act. Judgment in favor of defendant was rendered in July, 1976, and a writ of execution was subsequently secured to enforce this judgment.

Plaintiffs commenced the instant suit in April, 1977, requesting (1) apportionment of attorney's fees as is provided for in the Michigan Worker's Disability Compensation Act, MCL 418.827; MSA 17.237(827), and (2) actual and punitive damages for abuse of process and interference with plaintiffs' contractual rights.

Defendant brought motions for accelerated judgment and summary judgment. The former was granted on June 20, 1977. Plaintiffs appeal as of right.

I

APPORTIONMENT OF ATTORNEY FEES

In granting accelerated judgment the trial court held that the "claims of Plaintiffs are barred by the prior District Court Judgment on July 19, 1976" and plaintiffs Wisti and Jaaskelainen "have no standing and are otherwise without legal capacity to seek the relief requested in the Complaint; and the claims of Plaintiffs for an accounting and/ or equitable lien are barred by laches due to their failure to bring this action in a timely manner".

In asking for apportionment of attorney fees plaintiffs rely upon § 827 of the Michigan Worker's Disability Compensation Act, MCL 418.827; MSA 17.237(827). This section allows an employee who has received worker's compensation benefits from his employer to recover from a third-party tortfeasor. Provision is made to reimburse the employer

or carrier for compensation payments, with the attorney fees in a successful third-party action to be apportioned between the employee and carrier. However, § 827 has no applicability to the instant case. The first sentence of that section begins as follows: "Where the injury for which compensation is payable *under this act* * * * ."[1] It is evident

---

[1] MCL 418.827; MSA 17.237(827) reads in full as follows:

"(1) Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than a natural person in the same employ or the employer to pay damages in respect thereof, the acceptance of compensation benefits or the taking of proceedings to enforce compensation payments shall not act as an election of remedies but the injured employee or his dependents or personal representative may also proceed to enforce the liability of the third party for damages in accordance with the provisions of this section. If the injured employee or his dependents or personal representative does not commence the action within 1 year after the occurrence of the personal injury, then the employer or carrier, within the period of time for the commencement of actions prescribed by statute, may enforce the liability of such other person in the name of that person. Not less than 30 days before the commencement of action by any party under this section, the parties shall notify, by certified mail at their last known address, the bureau, the injured employee, or in the event of his death, his known dependents or personal representative or his known next of kin, his employer and the carrier. Any party in interest shall have a right to join in the action.

"(2) Prior to the entry of judgment, either the employer or carrier or the employee or his personal representative may settle their claims as their interest shall appear and may execute releases therefor.

"(3) Settlement and release by the employee is not a bar to action by the employer or carrier to proceed against the third party for any interest or claims it might have.

"(4) If the injured employee or his dependents or personal representative settle their claim for injury or death or commence proceedings thereon against the third party before the payment of workmen's compensation, such recovery or commencement of proceedings shall not act as an election of remedies and any moneys so recovered shall be applied as herein provided.

"(5) In an action to enforce the liability of a third party, the plaintiff may recover any amount which the employee or his dependents or personal representative would be entitled to recover in an action in tort. Any recovery against the third party for damages resulting from personal injuries or death only, after deducting expenses of recovery, shall first reimburse the employer or carrier for any amounts paid or payable under this act to date of recovery and the balance shall forthwith be paid to the employee or his dependents or personal representative and shall be treated as an advance pay-

from this language that § 827 is applicable only when the compensation was paid or payable under the Michigan act. In the instant case Mr. Siira lived and worked in Montana at the time of the injury, the claim was made under the Montana act, and the lump sum settlement of that claim was approved by the appropriate Montana worker's compensation agency.

The Montana act differs significantly from the Michigan act. While both acts allow reimbursement to the carrier, Montana does not provide for apportionment of attorney fees. On the other hand, while in Michigan the carrier is entitled to be reimbursed for all compensation payments made, in Montana the carrier is only entitled to recover 50 percent of the compensation payments.[2]

ment by the employer on account of any future payments of compensation benefits.

"(6) Expenses of recovery shall be the reasonable expenditures, including attorney fees, incurred in effecting recovery. Attorney fees, unless otherwise agreed upon, shall be divided among the attorneys for the plaintiff as directed by the court. Expenses of recovery shall be apportioned by the court between the parties as their interests appear at the time of the recovery.

"(7) Compensation benefits referred to in this section shall in each instance include but not be limited to all expenses incurred under sections 315 and 345.

"(8) The furnishing of, or failure to furnish, safety inspections or safety advisory services incident to providing workmen's compensation insurance, or pursuant to a contract providing for safety inspections or safety advisory services between the employer and a self-insurance service organization or a union shall not subject the insurer, self-insured service organization or the accident fund, or their agents or employees, or the union, its members or the members of its safety committee, to third party liability for damages for injury, death or loss resulting therefrom."

[2] It should be noted that Montana has amended its Workmen's Compensation Act to deal with the issue involved herein. Under the law applicable to this case the compensation carrier was not obligated to share in the costs of recovery but could only recover 50% of the benefits it had paid. Under the amended version the carrier has two options. It can either share the costs of recovery, in which case it is subrogated to the full amount of compensation payments made, or it can decline to pay a share of the costs, in which case it is subrogated to only 50% of the compensation payments made.

Relevant portions of the old provision read as follows:

In the instant case the original compensation was paid pursuant to the Montana act. In addition, Employers Mutual sought reimbursement in accordance with the Montana act. We therefore hold that § 827 of the Michigan act is not applicable to this case. Rather, the Montana provision on reimbursement governs the issue.

Under the Montana act, the attorney has a first lien on the proceeds from a third-party settlement in the hands of whomsoever such proceeds may come. *Hardware Mutual Casualty Co v Butler,* 116 Mont 73; 148 P2d 563 (1944). If there are sufficient funds after payment of this fee, the compensation carrier may recover its full statutory share of reimbursement. See Anno: *Workmen's compensation: attorney's fee or other expenses of litigation*

---

"[I]n the event said employee, or in the case of his death, his personal representative, shall bring such action, then the employer or insurance carrier paying such compensation shall be subrogated only to the extent of either one-half (1/2) of the gross amount paid at time of bringing action and the amount eventually to be awarded to such employee *as compensation* under the workmen's compensation law, or one-half (1/2) of the amount recovered and paid to such employee in settlement of, or by judgment in said action, whichever is the lesser amount." Mont Rev Codes Ann § 92.204 (1964), repealed by § 2, Ch 493, Laws 1973.

A new section was enacted in 1977 to read, in part, as follows:

"(1) If an action is prosecuted as provided for in 92-204.1 and except as otherwise provided in this section, the insurer is entitled to subrogation for all compensation and benefits paid or to be paid under the Workers' Compensation Act. The insurer's right of subrogation is a first lien on the claim, judgment, or recovery.

"(2)(a) If the injured employee intends to institute the third party action, he shall give the insurer reasonable notice of his intention to institute the action.

"(b) The injured employee may request that the insurer pay a proportionate share of the reasonable cost of the action, including attorneys' fees.

"(c) The insurer may elect not to participate in the cost of the action. If this election is made, the insurer waives 50% of its subrogation rights granted by this section." Mont Rev Codes Ann § 92.204.2.

It is evident that even if this new provision were applied to this case defendant would not be required to pay any portion of the attorney fees since it was reimbursed for only 50% of its previous compensation payments.

*incurred by employee in action against third party tortfeasor as charge against employer's distributive share,* 74 ALR3d 854, 929. It was conceded by plaintiffs Wisti and Jaaskelainen that they received their full fee out of the third-party settlement. They contend, however, that they have agreed to refund a portion of that fee to the Siiras due to the reimbursement to the insurance carrier. They now seek to assert a claim against Employers Mutual for the attorney fees they have refunded to Mr. Siira. Whatever may be the private agreement among the plaintiffs it is clear that under Montana law defendant has no obligation to pay any portion of the attorney fees.

There is some question as to whether an order granting accelerated judgment is an appropriate method for disposing of this claim. Summary judgment for failure to state a cause of action would seem to be a more appropriate way to deal with the matter. However, since the applicability of the Michigan act was argued in front of the trial court and the parties were directed to address this issue before this Court we believe it is appropriate, pursuant to our authority under GCR 1963, 820.1(7), to order entry of summary judgment, GCR 1963, 117.2(1), in favor of defendant on Count I. See *American Fidelity Fire Ins Co v Barry,* 80 Mich App 670; 264 NW2d 92 (1978).

## II

### Abuse of Process

Counts II, III and IV deal essentially with plaintiffs' allegation of abuse of process. The trial court's decision to grant accelerated judgment on these three counts on the basis of res judicata was error.

The facts alleged to constitute abuse of process involve the manner in which defendant Employers Mutual executed upon its district court judgment. In order for a judgment to constitute a bar to a claim in a subsequent action, it must be upon the merits, upon the same matter in issue, and between the same parties or their privies. *Curry v Detroit,* 394 Mich 327; 231 NW2d 57 (1975). It is evident that a judgment cannot be dispositive of a cause of action based upon facts which occur subsequent to the entry of that judgment, as is the situation in the case at bar.

We, therefore, conclude that the trial court's order granting accelerated judgment on Counts II, III and IV should be reversed and the case remanded for a trial on the merits. No costs, neither party having prevailed in full.