FILED

January 6 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0277

DA 14-0277

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 5

CRISTITA MOREAU, individually and as
Personal Representative of the ESTATE OF
EDWIN MOREAU,

        Petitioner and Appellant,

  v.

TRANSPORTATION INSURANCE CO.,

        Respondent and Appellee.

APPEAL FROM:    Montana Workers' Compensation Court, WCC No. 2013-3216
                 Honorable James Jeremiah Shea, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Laurie Wallace, Bothe & Lauridsen, P.C., Columbia Falls, Montana

                Jon Heberling, McGarvey, Heberling, Sullivan & Lacey PC,
                Kalispell, Montana

        For Appellee:

                Todd A. Hammer, Angela K. Jacobs, Hammer, Jacobs & Quinn, PLLC,
                Kalispell, Montana

Submitted on Briefs:  December 3, 2014
              Decided:  January 6, 2015

Filed:

                                          Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1    Cristita Moreau, personal representative of the Estate of Edwin Moreau, appeals from the April 8, 2014 order of the Workers Compensation Court dismissing her petition. We reverse and remand for further proceedings.

¶2    Moreau presents the following issue for review: Whether the Workers' Compensation Court properly held that it lacked jurisdiction to consider Moreau's petition because she lacked standing.

## BACKGROUND

¶3    Cristita Moreau's husband Edwin worked at the W. R. Grace mine from 1963 until 1992. He died of asbestos-related lung cancer in 2009. In 2010 Moreau, as personal representative of Edwin's estate, filed a claim for occupational disease benefits with Grace's workers' compensation insurance carrier, Transportation Insurance. Transportation denied the claim.

¶4    In 2012 Moreau filed a petition in Workers' Compensation Court seeking a determination of Transportation's liability for the costs of Edwin's medical care. In 2013 Transportation accepted liability for Edwin's medical expenses, and Moreau and Transportation entered a settlement agreement. Transportation reimbursed Medicaid, other providers, and Moreau individually for medical expenses they had paid for Edwin's care.

¶5    The Libby Medical Plan paid slightly over $95,000 of Edwin's medical expenses. The Plan was an entity established and funded by Edwin's employer, W. R. Grace, to pay

the medical care expenses of employees who were injured by asbestos exposure. Both the Plan and W. R. Grace refused to accept any reimbursement from Transportation for the medical expenses the Plan had paid on Edwin's behalf. Moreau then demanded that the amount of the reimbursement declined by the Plan and W. R. Grace should be paid either to Edwin's Estate or to a charity selected by the Estate. Transportation refused to pay the money and Moreau filed a second petition to the Workers' Compensation Court to resolve the dispute.

¶6    The Workers' Compensation Court denied the petition, concluding that it lacked jurisdiction to hear it under § 39-71-2905, MCA. The Workers' Compensation Court concluded that since Edwin received the medical care and the care was paid for by the Plan, any further recovery would result in a double payment. Moreau was not liable to providers for the prior payments that the Plan made on Edwin's behalf, and she had no right to any payment from Transportation. The Workers' Compensation Court concluded that Moreau lacked standing to proceed and that it therefore lacked jurisdiction over the matter.

¶7    Moreau appeals.

**STANDARD OF REVIEW**

¶8    The determination of a party's standing is a question of law, as is the interpretation of a statute. We review these issues de novo to determine whether the district court was correct. *Druffel v. Board of Adjustments*, 2007 MT 220, ¶ 9, 339 Mont. 57, 168 P.3d 640.

3

**DISCUSSION**

¶9 *Issue: Whether the Workers' Compensation Court properly held that it lacked jurisdiction to consider Moreau's petition because she lacked standing.*

¶10 The Workers' Compensation Court is a court with limited but exclusive jurisdiction to hear and determine disputes concerning workers' compensation benefits. *Liberty Northwest v. State Fund,* 1998 MT 169, ¶¶ 9-11, 289 Mont. 475, 962 P.2d 1167; *Carlson v. Cain*, 216 Mont. 129, 141, 700 P.2d 607, 615 (1985). Section 39-71-2905, MCA, establishes the jurisdiction of the Court, providing that: "A claimant . . . who has a dispute concerning any benefits under chapter 71 of this title may petition the workers' compensation judge for a determination of the dispute after satisfying dispute resolution requirements otherwise provided in this chapter." That same section provides that the Workers' Compensation Judge has "exclusive jurisdiction" to resolve such disputes.

¶11 The workers' compensation statutes "must be construed according to [their] terms and not liberally in favor of any party." Section 39-71-105(5), MCA. Under the plain terms of § 39-71-2905, MCA, the requisite for bringing a case to the Workers' Compensation Court for determination is a claimant who has a dispute concerning any benefits. The question of standing is whether a party is entitled to have a court decide the merits of a dispute. *Heffernan v. Missoula*, 2011 MT 91, ¶ 30, 360 Mont. 207, 255 P.3d 80. A party's lack of standing does not deprive a court of its underlying subject matter jurisdiction, *Ballas v. Missoula*, 2007 MT 299, ¶¶ 14, 16, 340 Mont 56, 172 P.3d 1232, and the Workers' Compensation Court "has jurisdiction over disputes involving medical benefits." *Anderson v. Albertson's*, 2004 MTWCC 59, ¶ 21. Entitlement to payment for

medical expenses is a benefit under the workers' compensation statutes. Section 39-71-704, MCA.

¶12 The petitioner in this case is the Estate of Edwin Moreau, appearing through its personal representative, Cristita Moreau. The Workers' Compensation Act is binding on the employee and "the employee's personal representative." Section 39-71-411, MCA. The undisputed facts establish that Edwin Moreau was an employee whose workers' compensation benefits were covered by Transportation. After the Estate filed the initial petition in the Workers' Compensation Court, Transportation agreed that Edwin's medical benefits claimed by the Estate were covered claims and that it was liable for those claims. The Estate and Transportation entered a settlement of those claims, which provided that Transportation would pay Edwin's medical expenses or would reimburse those who had already paid them.

¶13 When interpreting a statute, this Court seeks "to implement the objectives the legislature sought to achieve, and if the legislative intent can be determined from the plain language of the statute, the plain language controls." *In re the Conservatorship of Kloss*, 2005 MT 39, ¶ 10, 326 Mont. 117, 109 P.3d 205. The plain language of § 39-71-2905, MCA, entitles Moreau, as personal representative of the Estate, to bring this matter before the Workers' Compensation Court for a decision.

¶14 The Estate had standing and was entitled to have its petition determined on the merits. We express no view whatsoever as to the merits of the Estate's claim here, and remand to the Workers' Compensation Court to make that determination.

¶15 Reversed and remanded.

/S/ MIKE McGRATH

We Concur:

/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON