FILED

April 1 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 13-0556

DA 13-0556

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 97N

STATE OF MONTANA,

　　　　　Plaintiff and Appellee,

　　v.

MOSE DAMON MOULTON,

　　　　　Defendant and Appellant.

APPEAL FROM:　　District Court of the Twentieth Judicial District,
　　　　　　　　　In and For the County of Lake, Cause No. DC 11-108
　　　　　　　　　Honorable Deborah Kim Christopher, Presiding Judge

COUNSEL OF RECORD:

　　　　　For Appellant:

　　　　　　　　Wade Zolynski, Chief Appellate Defender, Kristen Larson, Assistant
　　　　　　　　Appellate Defender, Helena, Montana

　　　　　For Appellee:

　　　　　　　　Timothy C. Fox, Montana Attorney General, Tammy K Plubell, Assistant
　　　　　　　　Attorney General, Helena, Montana

　　　　　　　　Mitchell A. Young, Lake County Attorney, Polson, Montana

　　　　　　　　　　　　　Submitted on Briefs:　March 11, 2015
　　　　　　　　　　　　　　　　　　Decided:　April 1, 2015

Filed:

_____
　　　　　　　　Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 On August 5, 2011, at approximately 10 p.m., Flathead Tribal Police Officer Casey Couture initiated a traffic stop in Pablo, Montana, on a pickup truck with a broken tail light. Couture recognized Mose Moulton as the driver and Dewayna Greycloud as the passenger. As he approached the vehicle, Couture observed Moulton and Greycloud making furtive movements and placing something into a blue backpack. Couture asked if Moulton's license had been reinstated and Moulton admitted that he was driving without a valid license. The officer then informed Moulton that there was an active warrant for his arrest outstanding in Tribal Court.

¶3 The officer asked Moulton to step out of the truck. Couture noticed that Moulton was clenching his teeth, was fidgety, and that his pupils were dilated and did not react to light. The officer suspected that Moulton was under the influence of stimulants. While searching Moulton incident to the arrest, the officer found several hundred dollars in Moulton's pocket and a list of names with dollar amounts next to them, typical—in Couture's experience—of notes of drug transactions. He asked Moulton if he could search the vehicle but Moulton refused, saying the truck was not his.

¶4 Couture called Agent Arlen Auld with the Northwest Drug Task Force (NDTF) and asked Auld to meet him at the scene. Auld arrived and assumed responsibility for the

2

investigation. Auld also observed that Moulton displayed multiple signs of stimulant use. Moulton also refused Auld's request to search the truck. Moulton was arrested and transported to Tribal Law and Order.

¶5 The following day, Auld obtained a warrant and searched Moulton's impounded vehicle. In the blue backpack Couture had seen, Auld discovered 20 plastic packages of white powder that he field tested and identified as methamphetamine. He also found 11 oxycodone pills in an unlabeled prescription bottle and a scale with white powder residue on it. A cell phone found on the front seat had numerous text messages from people seeking to purchase drugs.

¶6 The Lake County Attorney's Office issued an Information on August 16, 2011, charging Moulton with felony criminal possession with intent to distribute (methamphetamine) and felony criminal possession of dangerous drugs (oxycodone). Moulton entered a not guilty plea. On December 1, 2011, Moulton filed a motion to suppress the search results from the pickup truck because the search warrant had been "improvidently" granted as there was no probable cause for issuance of a warrant. The District Court denied his motion without a hearing concluding that under the totality of the circumstances probable cause existed for a search warrant.

¶7 A jury trial commenced on July 9, 2012, and the District Court declared a mistrial on July 10. A second trial commenced on September 17, 2012, but was vacated when the District Court granted both parties' request for an order that Moulton undergo psychological testing.

¶8     While the District Court proceedings were underway, Moulton was charged in Tribal Court with multiple misdemeanors arising from this traffic stop. He moved the Tribal Court to suppress evidence obtained in the vehicle search. The Tribes opposed the motion[1] but on November 7, 2012, the Tribal Court granted it, finding no particularized suspicion for the stop.

¶9     On December 14, 2012, arguing that the Tribal Court ruling was similar to "newly discovered evidence" and constituted "good cause," Moulton again moved the District Court to suppress the evidence obtained in the vehicle search. He argued that the Tribal Court's decision was entitled to comity. In January 2013, the District Court denied his motion. The court recited the multiple factors constituting particularized suspicion for the stop. The court observed that while Tribal Court has exclusive jurisdiction over misdemeanors committed by a tribal member on the reservation, the State of Montana has jurisdiction over felonies occurring in Lake County. The District Court concluded that the issue of comity was not relevant because the charges against Moulton before the Tribal Court were different than the charges in the District Court.

¶10    On March 21, 2013, Moulton entered into a conditional guilty plea for felony criminal possession of dangerous drugs and the State agreed to dismiss the felony charge of criminal possession with intent to distribute. Moulton preserved his right to appeal District Court rulings on pretrial motions. Following receipt of Moulton's pre-sentencing investigation, the District Court deferred imposing Moulton's sentence for a period of three years and granted him 185 days credit against his sentence. Moulton filed a timely appeal.

---

[1] The State was not a party or participant in the Tribal Court proceedings.

¶11 Moulton argues that the District Court erred when it denied his December 1, 2011 motion to suppress because there was insufficient probable cause to obtain the search warrant. We disagree. In its order denying Moulton's motion, the court expressly considered the totality of the circumstances and set forth the specific facts contained in the application for the search warrant that established sufficient probable cause to issue the warrant. In *State v. Deshaw*, 2012 MT 284, ¶ 33, 367 Mont. 218, 291 P.3d 561, we stated that under the totality of the circumstances test, "the issuing judicial officer 'must make a practical, common sense determination, given all the evidence contained in the application for a search warrant, whether a fair probability exists that contraband or evidence of a crime will be found in a particular place.'" The District Court correctly applied the test and determined that probable cause existed.

¶12 Likewise, the court did not err in denying the second motion to suppress. The finding of the Tribal Court regarding a lack of particularized suspicion is not binding on the District Court. As we explained in *Oberson v. Federated Mut. Ins. Co.*, 2005 MT 329, ¶ 10, 330 Mont. 1, 126 P.3d 459, "[c]omity is 'not a rule of law' but rather 'an expression of one state's entirely voluntary decision to defer to the policy of another.'" The District Court could have deferred to the Tribal Court's decision on particularized suspicion, but was clearly not obligated to do so. We find no error.

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are legal and are controlled by settled Montana law which the District Court correctly interpreted.

¶14    Affirmed.

/S/ PATRICIA COTTER

We Concur:


/S/ MICHAEL E WHEAT
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ LAURIE McKINNON