FILED

01/02/2018

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 17-0320

DA 17-0320

IN THE SUPREME COURT OF THE STATE OF MONTANA

2018 MT 1

CHRISTITA MOREAU, Individually and as Personal
Representative of the Estate of Edwin Moreau,

       Petitioner and Appellant,

   v.

TRANSPORTATION INSURANCE COMPANY,

       Respondent and Appellee.

| | |
|---|---|
| APPEAL FROM: | Montana Workers' Compensation Court, WCC No. 2013-3216R1<br>Honorable David M. Sandler, Presiding Judge |

COUNSEL OF RECORD:

      For Appellant:

            Allan M. McGarvey, Ethan Welder, McGarvey, Heberling, Sullivan
            & Lacey, PC, Kalispell, Montana

            Laurie Wallace, Bothe & Lauridsen, P.C., Columbia Falls, Montana

      For Appellee:

            Todd A. Hammer, Hammer, Quinn and Shaw, PLLC, Kalispell, Montana

      For Amicus Curiae W.R. Grace & Co.-Conn:

            Bradley J. Luck, Jeffrey B. Smith, Garlington, Lohn & Robinson, PLLP,
            Missoula, Montana

                   Submitted on Briefs:  November 29, 2017
                           Decided:  January 2, 2018

Filed:

                   _____
                           Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Christita Moreau appeals from the order of the Workers' Compensation Court denying her motion for summary judgment and granting summary judgment to Transportation Insurance Company. We affirm.

¶2     We restate the issue on appeal as follows:

*Did the Workers' Compensation Court properly deny Moreau's motion for summary judgment and grant Transportation Insurance Company's motion for summary judgment?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3     Moreau's husband Edwin worked at the W.R. Grace mine near Libby, Montana, from 1963 until 1992. In 2009, he died from asbestos-related lung cancer. In 2010 Moreau, as personal representative of Edwin's estate, filed a workers' compensation claim for occupational disease benefits. Transportation Insurance Company (Transportation) was W.R. Grace's workers' compensation insurer, and it denied liability for the claim.

¶4     In 2000, Edwin's employer W.R. Grace (Grace) established and funded the Libby Medical Plan (LMP) to pay the medical expenses of its employees who were injured by exposure to asbestos. LMP paid approximately $95,000 of Edwin's medical expenses. In September 2012, as part of Grace's bankruptcy, "certain rights and duties of the LMP" were transferred to the Libby Medical Plan Trust. Grace remained responsible for LMP's "ongoing payment obligations" incurred before that time.

2

¶5     In 2012, Moreau petitioned the Workers' Compensation Court (WCC) for a determination of Transportation's liability for Edwin's medical expenses arising out of his occupational disease. In 2013, Transportation accepted liability for the workers' compensation claim and entered a settlement with Moreau. Transportation agreed to reimburse Medicaid, other providers, and Moreau personally for medical expenses each had paid for Edwin's care. The parties stipulated that Transportation paid all of Edwin's medical bills or reimbursed the other persons or entities that had paid them. Transportation did not reimburse the LMP for the $95,846 of Edwin's medical bills it had previously paid because the LMP refused to accept it. Moreau does not claim that Transportation failed to reimburse her for any of Edwin's medical expenses that she paid.

¶6     After the LMP refused to accept reimbursement from Transportation, Moreau demanded that Transportation pay the $95,000 either to Edwin's Estate, to the LMP or its successor, or to a charity selected by the Estate. Transportation refused and Moreau filed a second petition in the WCC to resolve the issue. The WCC determined that all of Edwin's medical care costs had been paid; that Edwin had no liability to any health care provider; and that he had no right to claim any further payment from Transportation. The WCC determined that if the Estate were to receive the $95,000 from Transportation it would represent a double recovery because Edwin had already received the medical benefits themselves. The Court concluded that Moreau therefore lacked standing to proceed.

¶7     Moreau appealed to this Court. We concluded that Edwin's Estate had standing to pursue resolution of the claim against Transportation in the WCC, and remanded for

further proceedings. *Moreau v. Transportation Ins. Co.*, 2015 MT 5, ¶ 14, 378 Mont. 10, 342 P.3d 3. Upon remand, the WCC issued the order that is the subject of this appeal.

¶8 The WCC found the following facts in regard to this dispute. Edwin contracted a fatal asbestos-related occupational disease that arose from his employment with W.R. Grace. In 2001 Grace created the LMP to assist residents of Libby, Montana, in paying for medical costs arising from asbestos exposure from vermiculite mining. The LMP medical payments were made with "no strings attached" and LMP did not demand or expect any reimbursement from any source. Grace's establishment of the LMP was "voluntary with no conditions" and Grace disclaimed any intention to seek reimbursement for any payments made by the LMP.

¶9 The WCC found that the LMP paid $95,846 of Edwin's medical bills because they were "reasonable and necessary medical care related to Edwin's occupational disease." Transportation, as Grace's workers' compensation insurer, paid Edwin's out-of-pocket medical expenses and also reimbursed Medicaid and other insurers that had paid portions of the expenses.

¶10 Christita Moreau's petition to the WCC demanded that Transportation pay her the $95,846 that had been paid by the LMP. The WCC found that Moreau's attorneys also represented the LMP Trust "for purposes of recovering the disputed $95,846" for the LMP Trust. At the time of the WCC order, the LMP Trust was not a party to this action and had not advanced a claim in the WCC for reimbursement of the amount paid by its predecessor LMP.

4

¶11 The WCC concluded that Transportation's obligation to the Estate of Edwin Moreau for medical expense payments was governed by § 39-71-704, MCA. That statute requires an insurer to "furnish reasonable medical services" to an injured worker. The WCC determined that paying an injured worker for medical expenses that were already paid by an entity not seeking reimbursement "is not furnishing medical services" under § 39-71-704, MCA. The WCC concluded that these same issues were presented and decided in *Shepard v. Midland Foods, Inc.*, 219 Mont. 124, 710 P.2d 1355 (1985).

¶12 The WCC thoroughly analyzed Moreau's attempts to distinguish *Shepard*, concluding that the decision "remains good law" and that it is "not factually distinguishable." The WCC granted summary judgment to Transportation. Moreau appeals.

## STANDARD OF REVIEW

¶13 This Court reviews the WCC's decision on summary judgment to determine whether it is correct, using the same criteria under M. R. Civ. P. 56. We determine whether there were any genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law. *Grenz v. Fire & Cas. Co. of Conn.*, 2001 MT 8, ¶ 10, 304 Mont. 83, 18 P.3d 994.

## DISCUSSION

¶14 *Issue: Did the Workers' Compensation Court properly deny Moreau's motion for summary judgment and grant Transportation Insurance Company's motion for summary judgment?*

¶15 First, we agree that the WCC correctly concluded that it lacked jurisdiction to determine the rights or duties of any entity that was not a party to the action, including

the LMP Trust. In the WCC proceedings, Moreau moved to add LMP Trust as a party but subsequently withdrew her motion. While the LMP Trust purportedly stated that it sought reimbursement for the amounts that its predecessor LMP paid on Edwin's behalf, there is no evidence that it took any steps to pursue that claim. There is no evidence that LMP Trust sought to enforce its purported claim through joinder or intervention in the present action or by a separate action. A matter can be decided in the courts only when there is a justiciable controversy. *Marbut v. Sec. of State*, 231 Mont. 131, 134, 752 P.2d 148, 150-151 (1988). Here there is no justiciable controversy as to the LMP Trust and we agree with the WCC's determination that there was no legal basis in the present case for determining the rights or obligations of the LMP Trust.

¶16 Moreau argues that Edwin's Estate should receive the payment of approximately $95,000 from Transportation because he has not been made whole for all of the losses and damages caused by his occupational disease. She argues that until the Estate is made whole (fully compensated) for those losses, Transportation must pay to the Estate the disputed $95,000.

¶17 An employee with a work-related injury is entitled only to the benefits provided by the applicable legislation. The workers' compensation system is the exclusive remedy as to the employer's liability for a work-related injury, and the insured employer is immune from tort claims from the employee. *Stokes v. Golden Triangle, Inc*, 2015 MT 199, ¶¶ 15-16, 380 Mont. 93, 353 P.3d 500. Workers' compensation is a system of statutorily defined benefits, not a system to recover damages in tort. *Walters v. Flathead Concrete Products*, 2011 MT 45, ¶¶ 28-29, 359 Mont. 346, 249 P.3d 913.

6

¶18 The made-whole concept in the context of workers' compensation does not apply to the recovery of workers' compensation benefits by the injured worker or his estate. However, the made whole concept can be applicable when an injured worker recovers damages from a third-party tortfeasor on a tort claim for personal injury, outside of the workers' compensation system. In that situation, the workers' compensation insurer that has paid benefits to the injured worker arising out of the same incident may not subrogate against the tort damages recovered by the worker until the worker has been made whole as to his tort claim. *Oberson v. Federated Mutual Ins. Co.,* 2005 MT 329, ¶ 14, 330 Mont. 1, 126 P.3d 459; *Zacher v. American Ins. Co.*, 243 Mont. 226, 230, 794 P.2d 335, 338 (1990).

¶19 The present case is not one of those subrogation cases. There has been no third-party tort recovery. Transportation is not seeking to recover any money from Edwin's Estate. Edwin and his Estate were entitled only to the medical benefits provided by the workers' compensation statutes, primarily § 39-71-704, MCA, and there is no dispute that those benefits were provided. As the WCC concluded, Edwin was not entitled to recover the value of the medical benefits in addition to the medical services themselves. No additional claim can be made in this case. *Shepard*, 219 Mont. at 129, 710 P.2d at 1358.

¶20 *Shepard* is very similar to the present case. Shepard sustained a work-related knee injury and sought workers' compensation benefits. He prevailed after an appeal to this Court from an adverse decision by the WCC. Upon remand, the WCC awarded Shepard total disability benefits, medical benefits, and attorney fees. The WCC denied Shepard's

7

claim that the workers' compensation insurer should be ordered to repay Medicare and his own health insurer for amounts they had paid for his medical care. The WCC held that in the future if Shepard were sued by one of those providers, then he could bring a petition in the WCC to resolve the issue.

¶21 This Court affirmed the decision of the WCC. First, neither of the providers who paid for portions of Shepard's medical care were parties to the proceeding, and so the WCC lacked jurisdiction to adjudicate their rights. Second, the obligation of the workers' compensation insurer under 39-71-704, MCA, is to furnish reasonable medical services to the injured worker. Ordering the insurer to pay Shepard for "medical expenses already paid is not furnishing services nor it is reasonable." The result ordered by the WCC—that if Shepard were sued by any of the providers for reimbursement he could come to the WCC for relief—is "logical, equitable and can provide Shepard with prompt relief." *Shepard*, 219 Mont. at 128-29, 710 P.2d at 1358.

¶22 We affirm *Shepard* and the WCC's application of it to resolve this case.

## CONCLUSION

¶23 The decision of the WCC to grant summary judgment to Transportation is affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ DIRK M. SANDEFUR
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ JIM RICE

8